IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIA NICOLLE COLLETT (TDCJ No. 1624805), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2230-B-BN |
| US COUNTY CLERK, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This *pro se* civil rights action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned issues these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background, Legal Standards, and Analysis**

After this action was transferred to this Court from the Waco Division of the Western District of Texas, *see* Dkt. No. 3, this Court entered an order, on August 23, 2017, noting that Plaintiff Julia Nicolle Collett, a Texas inmate, neither filed with her complaint a motion to proceed *in forma pauperis* ("IFP") nor paid the full filing fee and therefore requiring that she, by no later than September 25, 2017, either pay the full filing fee or file "a proper motion to proceed IFP <u>and attach[] to that motion a</u>

certificate of inmate trust account" (a "CTA"), Dkt. No. 7 (further warning Collett that her failure to do either by that deadline "will result in a recommendation that the complaint be dismissed for failure to prosecute" (citing FED. R. CIV. P. 41(b))).

On September 8, 2017, Collett filed an IFP motion and a response to the August 23 2017 order. *See* Dkt. Nos. 8 & 9. But she did not file the required CTA. Accordingly, the Court entered a second notice of deficiency on October 4, 2017, through which the Court again warned Collett

> that, under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).
> 
> A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).
> 
> > Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"
> 
> *Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile).
> 
> The United States Court of Appeals for the Fifth Circuit has "recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*,

546 F.3d 321, 327 (5th Cir. 2008) (internal quotation marks omitted). Put another way, the Fifth Circuit has explained that a certain level of "recalcitrance" is required by its case law "for a dismissal with prejudice." *Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014); *see, e.g., Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (explaining that a plaintiff's "decision not to comply with the district court's orders shows a clear record of purposeful, contumacious conduct and amounts to the stubborn resistance to authority justifying a dismissal with prejudice" and that "the lesser sanctions imposed by the district court – in the form of warnings that [the plaintiff's] failure to comply with its orders would lead to dismissal – did nothing to change her behavior, and so the continued imposition of additional lesser sanctions would not serve the best interests of justice" (internal quotation marks omitted)).

Should Collett continue to refuse to comply with the Court's requirement that she file a CTA, the undersigned will recommend that the Court dismiss this action. But, because Collett is proceeding *pro se* and because she has attempted to comply with the August 23, 2017 order, the Court extends the deadline to file a CTA to November 3, 2017.

Dkt. No. 10 at 1-3 (emphasis omitted).

Now, more than one month past that deadline, Collett has yet to obey the Court's order or otherwise contact the Court. And, by not filing a CTA as ordered by the Court, Collett has prevented this action from proceeding, and she therefore has failed to prosecute her lawsuit. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Collett decides comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of

Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE